UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**STEPHEN L. SIBLEY**

**VERSUS**

**KILOLO KIJAKAZI**
**Commissioner of**
**Social Security Administration**

**CIVIL ACTION NO.**

**20-759-EWD**

**(CONSENT)**

## RULING AND ORDER

Before the Court is Plaintiff's Counsel's Unopposed Petition for Attorney Fees Under the Equal Access to Justice Act (the "Motion").[1] The Motion indicates that the Commissioner does not object and attaches a proposed stipulated order submitted by the parties. Stephen L. Sibley ("Plaintiff") was the prevailing party in this matter, however, because the Motion does not contain any support for the hourly rate sought, the Motion will be granted in part, and a fee of $3,272.50 awarded, which reflects an hourly attorney fee rate of $175.00.

**I.   BACKGROUND**

On October 8, 2021, the Commissioner filed an Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of the Social Security Act, 42 U.S.C. § 405(g) to consider whether Plaintiff engaged in substantial gainful activity after his alleged onset date and to issue a new opinion.[2] The Court granted the Commissioner's motion and issued a Judgment on October 12, 2021.[3] On January 10, 2022, Plaintiff filed the instant Motion seeking compensation for 18.7 hours of attorney fees at an hourly rate of $200.00.[4]

---

[1] R. Doc. 28.
[2] R. Doc. 25.
[3] R. Doc. 26.
[4] R. Doc. 22, p. 2.

## II.    LAW AND ANALYSIS

### A.    Plaintiff's Request for $3,740 Attorney Fees is Granted in Part

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States.[5]  Attorney fees shall be awarded to a prevailing party "unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust."[6]  Plaintiff seeks an award of fees in the amount of $3,740 (18.7 attorney hours at an hourly rate of $200.00).[7]  While the Motion indicates that the Commissioner does not object to the time spent or to the amount sought, and although the time expended appears reasonable, Plaintiff has not established entitlement to an hourly rate of $200.00.  This Court has previously approved an hourly rate of $175.00 for attorneys in social security appeals.[8]  Accordingly, the Court grants Plaintiff's request for attorney fees in part at the hourly rate of $175.00 for a total award of $3,272.50 pursuant to the EAJA.

### B.    The Award of Fees Shall be Paid Directly to Plaintiff

Finally, the record includes a Contingent Fee Agreement, signed by Plaintiff, assigning his rights in any fees paid by the Federal Government under EAJA to his attorney.[9]  Plaintiff's attorney cites *Astrue v. Ratliff*[10] as authority for payment of the fee directly to Plaintiff.[11]  Plaintiff's counsel is correct that the post-*Ratliff* practice in this Circuit has been to award EAJA attorney fees directly

---

[5] 28 U.S.C. § 2412.
[6] 28 U.S.C. § 2412(d)(1)(A).
[7] R. Doc. 28, p. 2.
[8] In *Gann v. Colvin*, No. 14-189, 2017 WL 385038, at * 3 (M.D. La. Jan. 1, 2017), this Court approved an hourly attorney rate of up to $175.00 per hour for work performed from 2014 forward. See also, *Smith v. Commissioner of Social Security*, No. 20-5, 2021 WL 1395769 (M.D. La. April 13, 2021) (awarding EAJA fees at attorney hourly rate sought of $150.00); *Rhodus v. Berryhill*, No. 17-545, 2019 WL 2897692 (M.D. La. July 5, 2019) (awarding fees at attorney hourly rate sought of $175.00).
[9] R. Doc. 28-2.
[10] 560 U.S. 586 (2010).
[11] R. Doc. 28, p. 2.

to the plaintiff.[12]  In keeping with this precedent, the award of EAJA attorney fees in this case is to be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

### III. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Counsel's Unopposed Petition for Attorney Fee Under the Equal Access to Justice Act,[13] is **GRANTED IN PART AND DENIED IN PART**.

The Commissioner is **ORDERED** to remit to Plaintiff's counsel a check made payable to "Stephen L. Sibley" for attorney fees in the amount of **$3,272.50**, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). The check may be mailed to Plaintiff's counsel. Full or partial remittance of the awarded fee is contingent upon a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the Government. The Commissioner will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s and forward the remainder of the award, as set forth herein.

Signed in Baton Rouge, Louisiana, on May 17, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *See, Jackson v. Astrue*, 705 F.3d 527, 531 n. 11 (5th Cir. 2013); *Craig v. Colvin*, 15-583, 2016 WL 4689044, *3 (M.D. La. Sept. 6, 2016) (holding that under *Ratliff* award shall be made directly to the plaintiff, not her counsel).
[13] R. Doc. 28.